UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH HALL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-12-93 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION TO
<u>GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT</u>**

Pending before the Court is Respondent Thaler's Motion for Summary Judgment (D.E. 12). On August 31, 2012, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 16), recommending that Respondent's Motion for Summary Judgment be granted. Petitioner filed his Objections (D.E. 17) on September 17, 2012. Petitioner's objections are discussed in the order in which they were presented.

First, Petitioner objects to the conclusion that there was no evidence of a missing written statement from witness, Tracy Watson, implicating a different person, Justin Padgett, in the murder for which he was convicted. Petitioner claims that the statement was exculpatory and was concealed by the prosecution in violation of his due process rights. For this proposition, Petitioner relies on the testimony of Officer Baird, who investigated the murder for the Aransas County Sheriff's Department. Officer Baird

testified that he believed that he took down Tracy Watson's January 4, 2008 statement as a written statement.  Motion to Appeal Hearing, D.E. 11-14, p. 18.

Officer Baird's testimony with respect to a written statement comports with Watson's January 4, 2008 written statement in the record.  D.E. 11-7, pp. 1-4.  The trial court found that this statement was disclosed to the defense prior to trial.  D.E. 11-7, p. 21.  The statement does not incriminate Padgett.

Because Officer Baird testified to a recollection that Watson had told him that "Dough Boy" (Padgett) might have been involved, Petitioner argues that there must be an additional written statement that was withheld.  However, Officer Baird did not testify that there were two written statements from Watson.  He further testified that the information about "Dough Boy" was provided in his investigation report and disclosed to the defense.  Petitioner has failed to demonstrate that any additional written statement was taken and then concealed.  Petitioner's first objection is **OVERRULED**.

Second, Petitioner objects to the conclusion that the prosecution did not knowingly offer perjured testimony.  To prevail on his theory, Petitioner has to show:  (1) that Deputy Pikett did perjure himself; (2) that Deputy Pikett was a member of the "prosecution team;" and (3) the tainted testimony was material to the conviction.  *See generally, Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996).

With respect to whether the testimony constituted perjury, the trial court expressly found that Petitioner failed to produce any evidence to contradict Deputy Pikett's trial testimony.  D.E. 11-7, p. 24. Under AEDPA, the Court will not grant relief on the basis of the resolution of such a fact question unless the finding was "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2).  Petitioner has failed to identify any evidence in admissible form that contradicts the State court's fact finding.  He has further failed to object to the Magistrate Judge's deference to that finding.  D.E. 16, p. 14.

While the State court and the Magistrate Judge both continued their analyses to address an alternative basis for denial of *habeas corpus* relief, this Court holds that such an exercise is not necessary.  The Court **OVERRULES** as moot Petitioner's second objection, for failure to demonstrate that the State court's fact finding of "no perjury" is so contrary to the evidence as to warrant relief.  The Court need not reach the issue of whether Deputy Pikett was, in fact, a member of the "prosecutorial team."

Third, Petitioner objects to the conclusion that Deputy Pikett's allegedly perjured testimony was not "material."  The Court **OVERRULES** the objection as moot.  Without a finding of exactly what testimony was false, there is no reliable way to determine whether that specific testimony was material to the resulting conviction.  Accordingly, the Court rejects as moot the Magistrate Judge's discussion of whether the admission of Deputy Pikett's testimony, generally, was "material."

Fourth, with respect to ineffective assistance of counsel, Petitioner objects to the Magistrate Judge's statement of his complaint and resulting analysis.  Without concern for the identification of "Ace" and "Charles," Petitioner maintains that his defense counsel should have revealed to the jury that witness MW selected a random unknown subject from a photo array and that witness JW selected Justin Padgett and another random unknown subject from photo lineups.

Regardless of which other individuals were identified as potential suspects by the children, MW and JW, the process of revealing the other identifications involves cross-examining and impeaching children. Thus the critical analysis is, as the Magistrate Judge set out, whether failing to cross-examine and impeach those children was a legitimate trial strategy. Under the applicable test, which is quite deferential to the defense attorney, the Court holds that the Magistrate Judge's analysis and conclusions are appropriate. The Petitioner's fourth objection is **OVERRULED**.

Fifth, Petitioner objects to the Magistrate Judge's conclusion that the failure of counsel to show one child's previous identification of Michael Underwood as the gunman was a "strategic" decision. Petitioner states, "The evidence suggests otherwise." D.E. 17, p. 5. However, Petitioner fails to identify a single shred of evidence that "suggests otherwise." Petitioner's objection is **OVERRULED**.

Sixth, Petitioner objects to the rejection of his ineffective assistance of counsel claim related to the investigation and cross-examination of Deputy Pikett. Petitioner contends that reliance on counsel's self-serving testimony is not sufficient to dispose of this claim. The Court rejects this argument as contrary to the deferential review of counsel's conduct required for such complaints and as properly briefed by the Magistrate Judge.

Petitioner claims that there was "a great multitude of Petitioner's evidence" that counsel could have discovered, and did not. Again, Petitioner fails to identify that evidence. While he has appended materials to his Application, D.E. 1-1, he has failed to show that those materials were in admissible form and actually offered and admitted in

the State court proceedings.  Absent such a demonstration and a legitimate claim that the State court determination was an "unreasonable determination of the facts in light of the evidence presented," Petitioner's objection is without force.

More importantly, however, Petitioner repeatedly asserts that his objection does not go to the admissibility of Deputy Piketts' testimony but that his counsel should have demonstrated Deputy Pikett's perjury, thus destroying his credibility.  As set out above, Petitioner has not shown that Deputy Pikett's testimony was, in fact, false.  Without proof of perjury, his complaint that his counsel should have revealed that perjury is a non-starter.  Petitioner's sixth objection is **OVERRULED**.

Seventh, Petitioner complains of the existence of multiple photographic line-ups and the manner in which they were presented to the witnesses.  However, he does not articulate a cognizable objection.  He does not show that the State court's fact findings against him were unreasonable based on the evidence presented.  He does not show that the State coerced anyone to identify him.  Instead, the coercion argument goes to the incorrect identification of an innocent man.  It thus does not fall under *Simmons v. United States*, 390 U.S. 377, 384 (1968).  He does not prove that the methodology employed was unconstitutional.  Rather, his arguments are nothing more than the raising of an eyebrow in suggestion that "something's up."  Petitioner's objection is based on nothing more than speculation.  His seventh objection is **OVERRULED**.

Eighth, Petitioner objects to the Magistrate Judge's recommendation of a denial of a Certificate of Appealability based, in part, on the recitation that Petitioner had not yet filed a motion for a Certificate of Appealability.  The Court notes that Petitioner did

request a Certificate of Appealability with his original Application.  D.E. 1.  However, the Court agrees with the Magistrate Judge that this action does not warrant a Certificate of Appealability.  Petitioner's eighth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as amended herein.  Accordingly, Respondent's Motion for Summary Judgment (D.E. 12) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.  Petitioner's request for a Certificate of Appealability is **DENIED**.

ORDERED this 19th day of October, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE